IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 25-MJ-355 |
| | ) | |
| DARRELL RAY SEALE, | ) | |
| | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

To expedite the government's disclosure of video materials that include depictions of third-party witnesses and personal identifying information, and to adequately protect the privacy rights of the persons depicted therein, pursuant to the Court's authority under FED. R. CRIM. P. 16(d)(1), and with the consent of the parties, it is hereby ORDERED:

1. **Materials Subject to this Order.** Except as provided herein, this protective order ("Order") governs the video materials disclosed by the government.

2. **Sensitive Materials.** The United States may produce camera footage containing personal identifying information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, and other materials as set forth below, to defense counsel, pursuant to the defendant's discovery requests. The parties agree that the below portions of the camera footage will be designated as "Sensitive materials."

   a. Telephone numbers, residential addresses, email addresses, driver's license numbers, and similar unique identifying information;
   b. Information that could reasonably be used to identify the government's confidential sources;
   c. Identifying information, including true names and photographs, regarding government agents who acted in an undercover capacity with respect to this investigation;
   d. Information that could reasonably be expected to jeopardize witness security;

1

    e. Personal identifying information for individuals that do not appear to be related to the criminal conduct in this case;
    f. Medical or mental health records, other than those of the defendant;
    g. Law enforcement sensitive passcodes and doorcodes;
    h. Sources, locations, and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct;
    i. Information that may jeopardize an ongoing or future investigation; and
    j. Tax returns or tax information.

3. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, interns, consultants and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

4. **Limitations on Dissemination.** No sensitive materials may be reviewed by or disclosed to any persons other than the defendant and the legal defense team without further authorization from this Court. Sensitive materials may also be reviewed by the person to whom the Sensitive information solely and directly pertains, without prior notice to the United States and without authorization from the Court.

5. **Court Filings.** Absent prior agreement by the parties or permission from the Court, no party shall disclose materials categorized as Sensitive in any public filing with the Court. Such materials shall be submitted under seal in accordance with Local Criminal Rule 49. Defendant may include in a public document Sensitive information relating solely and directly to the defendant.

6. **Court Hearings**. The restrictions in this Order shall not limit either party in this use of the materials in judicial proceedings in this case. The procedures for use of

designated Sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

7. **Limitations on Use.** Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use Sensitive materials solely in connection with this case, including any post-conviction or appellate litigation, and for no other purpose and in connection with no other proceeding. The legal defense team may discuss Sensitive material with, and defense counsel may authorize the viewing of Sensitive materials by, the defendant where doing so reasonably can be expected to further the investigation of the defendant's case and the preparation of the defense.

8. **Limitations on Reproduction.** Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce the camera footage, including the Sensitive materials as deemed necessary by defense counsel for use in connection with this case. The legal defense team shall not provide a copy, screenshot, or electronic reproduction of the Sensitive materials, nor the original of the materials, to the defendant or any authorized person. Any reproductions of video materials authorized by defense counsel shall be treated in the same manner as the original video materials.

9. **Storage Requirements.** Video materials that contain sensitive materials must be maintained in the custody and control of the legal defense team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing the video materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

10. **Responsibility to Prevent Reproduction During Viewing.** If the defendant views Sensitive materials, the legal defense team shall ensure that the defendant does not copy, photograph, take screenshots, or otherwise reproduce the Sensitive materials.

11. **Notifications Regarding this Order.** Defense counsel must provide members of the legal defense team, the defendant, and any other person, with a copy of this Order, before providing them with access to, or permitting them to view, video materials.

12. **Disposition Following the Conclusion of this Criminal Case.** Defense counsel may retain a copy of the video materials following the conclusion of this case. This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of video materials disclosed in this case. Nothing in this Order prevents the government from seeking a court order requiring that the video material be returned or to further restrict the retention of video material, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the video materials.

13. **Automatic Exclusion from this Order.** This Order does not apply to video materials that:

    a. are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the United States;

    b. materials that the defense obtains by means other than discovery; or

    c. pertain solely and directly to the defendant.

14. **Disputes.** The parties shall make a good faith effort to resolve any dispute regarding the applicability of this Order. The United States may agree to remove a sensitivity designation without further order of this Court. Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, either party may do so and any materials so redacted will no longer be deemed Sensitive under this Order. Should the parties be unable to resolve the dispute, either party may file a motion specifying the material at issue and why it does or does not qualify as "Sensitive material" under Paragraph 2 of this Order. The disputed materials shall be treated as subject to this Order pending disposition of such motion.

15. **Government's Discovery Obligations.** Nothing in this Order modifies the obligation of the United States at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500, and the government's general obligation to produce exculpatory and impeachment information in criminal cases.

16. **Scope of this Order.** This Order does not prevent any party from objecting to the discovery or admission of video materials that it otherwise believes to be inadmissible or not subject to a disclosure obligation. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of video materials; or (B) whether any particular video material is properly discoverable or admissible. This Order is not intended to limit the use of video materials in any judicial proceeding in this case.

17. **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order. The parties agree

that the burden of demonstrating the need for a protective order remains with the government at all times.

**SO ORDERED** this ⎯⎯30th⎯⎯ day of ⎯⎯June⎯⎯, 2025.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Lindsey R. Vaala
United States Magistrate Judge

Alexandria, Virginia